UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANNY WILLIAMS, | ) |
| Plaintiff, | ) ) ) 3:14-cv-00640-RCJ-WGC |
| vs. | ) ) |
| STATE OF NEVADA ex rel. NEVADA DEPARTMENT OF CORRECTIONS et al., | ) **ORDER** ) ) |
| Defendants. | ) |

This is a prisoner civil rights case pursuant to 42 U.S.C. § 1983 removed from state court. Plaintiff has sued forty Defendants on seven counts. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A and, for the reasons given herein, dismisses it.

## I.    LEGAL STANDARDS

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1)–(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule 12(b)(6), and the court applies the same standard under § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). When a court dismisses a complaint

upon screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or in fact. This includes claims based on legal conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.  DISCUSSION

### A.  Counts I and II

In Counts I and II, Plaintiff alleges deliberate indifference to his medical and dental needs. In addition to generalized grievances about the medical and dental systems within the Nevada Department of Corrections, (*see* Compl. 4A–5E, ECF No. 1-2), Plaintiff lists a variety of his own claims. The Court will address the claims by category of medical issue.

#### 1.  Gastro-Intestinal Issues

Plaintiff alleges he was seen by Dr. Scott in May 2012, that Dr. Gedney referred him to a specialist (Dr. Harper) in August 2012, that an ultrasound was scheduled for September 2012, that Dr. Gedney referred him to Dr. King in September 2012, and that he suffered in the interim with no pain medication. (*Id.* 3C). In October 2012, Dr. King informed Plaintiff that he had stones in his gall bladder and that he could either live with the pain or have it removed, which may or may not help the pain; Dr. King would not authorize laser surgery, which he opined would not be effective. (*Id.*). In November, 2012, Dr. King removed Plaintiff's gall bladder and prescribed post-operative medication. (*Id.* 3D). After the post-operative medication was

exhausted, Plaintiff's pain continued. (*Id.*).  Plaintiff believed the pain was from a different source than his gall bladder problems. (*Id.* 3D–3E).  In January 2014, Dr. Gedney refused to order another EGD to search for the source of pain despite Dr. King's suggestion. (*Id.* 3E). Plaintiff filed several kites complaining of pain in the interim. (*See id.*).  Dr. Gedney told Plaintiff a C/T scan given in November 2013 came back normal, but Plaintiff believes he was lying. (*Id.* 3F).  Plaintiff refused a prescription for Elavil in November 2013 because he believed it was for psychological treatment, and he believed the pain had no psychological component. (*Id.*).

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).  To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).  To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.*

The Court dismisses this aspect of Counts I and II, without leave to amend.  There are no factual allegations in the Complaint that if taken as true support a conclusion that any of these

doctors were deliberately indifferent to Plaintiff's serious medical needs so as to constitute cruel and unusual punishment under the Eighth Amendment.  The doctors at issue treated Plaintiff's condition well within the boundaries of the Eighth Amendment's prohibition of deliberate indifference.  Dr. Gedney referred Plaintiff to a GI specialist, who provided the suggested surgery.  Plaintiff's disagreement with the treatment regimen and dissatisfaction with the results do not make out a constitutional violation.  Nor can Plaintiff make out a constitutional violation because he believes, contrary to the opinions of multiple doctors, one of whom is an expert in the relevant area, that the source of his pain was other than his gall bladder and that it had no psychological component.  Nor can Plaintiff make out a constitutional violation for a lack of painkillers where he himself notes that the specialist, Dr. King, told him the only chance (not guaranty, but chance) to relieve his pain was to remove his gall bladder.  The doctors' opinions that painkillers would not aid Plaintiff in this circumstance did not constitute deliberate indifference.

    **2.    Dental Issues**

Plaintiff alleges that in April 2013 he had multiple teeth extracted by Dr. Yup, and that Dr. Yup purposely left fragments of the No. 6 tooth in the socket. (*Id.* 3G).  Dr. Yup stated that the fragments would likely work their way out over time. (*Id.*).  Plaintiff received medication for any resulting pain. (*Id.*).  Several days later, Plaintiff requested a follow-up appointment based on some swelling, and Dr. Vanhorn confirmed via x-ray that the fragments were causing the problems. (*Id.*).  Dr. Yup refused to remove the fragments but instead wrote "dry socket" in Plaintiff's chart after a nurse had written "no dry socket," allegedly in retaliation for Plaintiff's having sought a second opinion. (*See id.*).  Dr. Yup inserted a substance into the socket; the procedure was painful, and Plaintiff believes nerves were thereby damaged. (*See id.*).  Several days later, Plaintiff went to the infirmary with severe pain, and he was given Lidocane and

antibiotics. (*Id.* 3H).  An outside oral surgeon, Dr. Pincock, removed the tooth fragments in May 2013, but Plaintiff alleges he did a poor job and may have contributed to the nerve damage. (*See id.* 3I).

The Court dismisses this aspect of Counts I and II, without leave to amend.  There are no factual allegations in the Complaint that if taken as true support a conclusion that any of these dentists were deliberately indifferent to Plaintiff's serious medical needs so as to constitute cruel and unusual punishment under the Eighth Amendment.  The dentists treated Plaintiff's condition well within the boundaries of the Eighth Amendment's prohibition of deliberate indifference. Dr. Yup removed Plaintiff's teeth, and based on his medical opinion left some fragments in the No. 6 space.  A nurse's contrary opinion alone as to the propriety of leaving fragments in place cannot support even a medical malpractice claim, much less a claim of cruel and unusual punishment.  Plaintiff's disagreement with the treatment regimen and dissatisfaction with the results do not make out a constitutional violation.  Nor can Plaintiff make out a constitutional violation because he subjectively attributes the pain and poor results to Dr. Yup's malice.  There is no objective allegation of fact indicating malice.  Nor is there any objective allegation of fact that Dr. Pincock's surgical treatment was so deficient as to constitute deliberate indifference. Finally, Plaintiff notes that he was given appropriate medication at all relevant stages, and medication is no guaranty of the alleviation of all pain.

### 3. Diet Issues

Plaintiff alleges that Dr. Vanhorn ordered a low-sodium diet for Plaintiff in December 2013 due to Plaintiff's stomach problems. (*See id.* 3J).  Defendant Poag overrode the diet change. (*Id.*).  Plaintiff alleges no pain from the deprivation, however, and he notes that Poag relented once Plaintiff filed a grievance. (*See id.* 3K).  The Court dismisses this aspect of Counts I and II, without leave to amend.

### B. Counts III–V

Plaintiff alleges unconstitutional conditions of confinement, emotional distress, and permanent nerve damage and disfigurement resulting from the alleged Eighth Amendment violations pled in Counts I and II. (*See id.* 6A–7B). The Court dismisses Counts III–V, without leave to amend. Count III is subsumed by the Eighth Amendment claims under Counts I and II, *see Murphy v. Dowd*, 975 F.2d 435 (9th Cir. 1992), and Counts IV and V concern potential measures of damage under Counts I and II, not separately actionable claims.

### C. Count VI

Plaintiff alleges a civil rights conspiracy to violate the Eighth Amendment. This claim necessarily fails along with the underlying claims. *See Christian Gospel Church, Inc. v. City & Cnty. of S.F.*, 896 F.2d 1221, 1226 (9th Cir. 1990), *superseded on other grounds by* 42 U.S.C. § 2000e; *Dooley v. Reiss*, 736 F.2d 1392, 1394 (9th Cir. 1984).

### D. Count VII

Plaintiff alleges unlawful retaliation under the First Amendment. Prisoners have a First Amendment right to file prison grievances and pursue civil rights litigation in the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Id.* at 567–68 (footnote omitted). Plaintiff alleges that in retaliation for Plaintiff's seeking a second opinion from Dr. Vanhorn, Dr. Yup inserted a substance into Plaintiff's No. 6 socket, which was painful and which Plaintiff believes damaged nerves in his face. But as the Court has noted, Plaintiff alleges no facts objectively indicating any malice. He does not allege facts from which malice can be inferred, such as any comments by Dr. Yup. He alleges only that Dr. Yup

performed a follow-up procedure that was painful after Dr. Vanhorn opined that the fragments were causing the swelling.  His attribution of malice to Dr. Yup is conclusory.  Insofar as Plaintiff complains that his various grievances were denied, the denial of a grievance does not in and of itself rise to the level of a constitutional violation, *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), and it is clear on the face of the Complaint that Plaintiff's attempts to seek redress were not chilled in this case.  Nor would a reasonable inmate's First Amendment rights have been chilled.  The Court has seen dozens if not hundreds of similar cases, and it can recall no case where the bare denial of a grievance was sufficient to chill a prisoner's First Amendment right to speak or to petition the government for redress.  The Court dismisses this claim, without leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that the Complaint is DISMISSED, and the Clerk shall enter judgment and close the case.

IT IS FURTHER ORDERED that the Motion for Sanctions (ECF No. 37) is DENIED, *see* Fed. R. Civ. P. 11(c)(2), and all other pending motions are DENIED as moot.

IT IS SO ORDERED.

Dated this 6th day of July, 2015.

_____
ROBERT C. JONES
United States District Judge